UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH ERIC BOBET,

       Plaintiff,

v.                        Case No: 2:22-cv-137-JES-NPM

DIONISIO, PEREZ, BROWN, and
RIMBY,

       Defendants.
_____

## OPINION AND ORDER

Before the Court is Plaintiff Joseph Eric Bobet's Amended Complaint for Violation of Civil Rights (Doc. #5). Bobet—a prisoner of the Florida Department of Corrections—claims four prison officials used excessive and unnecessary force against him in violation of the Eighth Amendment. He brings this action under 42 U.S.C. § 9183. United States Magistrate Judge Nicholas P. Mizell granted Bobet leave to proceed in forma pauperis, so the Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. See 28 U.S.C. § 1915(e)(2).

For the purposes of this review, the Court accepts Bobet's allegations as true and recounts the facts as stated in the Complaint. On September 18, 2021, Defendants were escorting Bobet—who was handcuffed—back to his cell after his shower. Bobet noticed some of his belongings on the floor of the dayroom and

notified Perez.  Perez said he would bring Bobet the items after he returned to his cell.  Bobet refused and said, "I will go back to the shower."  (Doc. #5 at 7).  Dionisio came to assist Perez and ordered Bobet to move towards his cell.  Bobet refused by "dropping his weight."  (Id.)

Rimby and Bowen also ordered Bobet to enter his cell, and Dionisio called Bobet a "pussy ass punk."  (Id.)  Bobet grabbed the staircase rail and said "all of y'all pussy playing this game with me in cuffs."  (Id.).  Dionisio forced Bobet's arm free and threw him to the floor.  Bobet got up, grabbed the rail again, and said "your [sic] a bitch, all of you officers!"  (Id. at 8).  Defendants tore Bobet away from the rail and forced him into his cell.  One of the Defendants kicked Bobet in his back, Dionisio and Rimby lifted Bobet by his arms and forced him onto his bunk, and Dionisio choked him.  Other officers intervened and escorted Dionisio away from Bobet.

A nurse examined Bobet and found no visible injuries, though Bobet complained of pain in his head, back, and shoulders.  Bobet has since noticed several bruises and still has pain in his shoulder and wrist.  Bobet now sues Defendants for compensatory and punitive damages.

"[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action."  Hudson v. Mcmillian, 503 U.S. 1, 9 (1992).  The core judicial inquiry in an excessive-force case is

"whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Sconiers v. Lockhart, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)).

Under the Prison Litigation Reform Act (PLRA), "a prisoner may not recover monetary damages (compensatory or punitive) 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'" Furman v. Warden, 827 F. App'x 927, 933 (11th Cir. 2020) (quoting 42 U.S.C. 1997e(e))). The Eleventh Circuit interprets the PLRA to mean that "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015). Injuries that reflect "no more than the kind of routine discomfort associated with incarceration fail to satisfy the de minimis threshold." Furman, 827 F. App'x at 933.

Bobet's claim fails because he does not allege that he suffered greater than de minimis injury as a result of excessive force. Bobet prompted the use of force when he refused Defendants' orders to return to his cell and physically resisted by dropping his weight and grasping a rail. Defendants' use of force to pry his hands off the rail and get him into his cell was reasonable. While this force could plausibly have caused lingering pain in

Bobet's shoulder and wrist, Bobet's claim fails because the force was not excessive.

Two alleged uses of force might satisfy the "sadistic and malicious" standard—Bobet's claims that a Defendant kicked him in the back and Dionisio choked him.  But Bobet has not alleged any greater-than-de-minimis injury caused by either.

Accordingly, it is hereby

**ORDERED:**

Plaintiff Joseph Eric Bobet's Complaint for Violation of Civil Rights (Doc. #5) is **DISMISSED without prejudice.**  Bobet may file a second amended complaint no later than May 19, 2022.  **If Bobet does not timely file a second amended complaint, the Court will close this case without further notice.**  The Clerk is **DIRECTED** to mail Bobet a civil rights complaint form bearing the above-captioned case number and the title "Second Amended Complaint."

**DONE and ORDERED** at Fort Myers, Florida, this   4th   day of May 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record

- 4 -